IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| C.T. PERRY EL BEY,<br><br>                    Plaintiff,<br><br>    vs.<br><br>PETER BATAILLON, Judge; DANNETE R. SMITH, Chief Executive Officer of Department of Health and Human Services; and GLEN WHITE, Tax Commissioner,<br><br>                    Defendants. | 8:23CV296<br><br>ORDER DISMISSING CASE WTIHOUT PREJUDICE |

       This case is before the Court on Plaintiff's Motion to Show Cause, Filing 17, filed in response to the Court's Order to Show Cause, Filing 16. As the Court explained in the Order to Show Cause, the Court denied four Motions for Default Judgment by Plaintiff because he had never obtained the Clerk's entry of default of any Defendant on the record as required under Federal Rule of Civil Procedure 55(a). When Plaintiff finally filed an Application for Entry of Default, Filing 14, the Clerk of Court referred it to the Court because of well-founded concerns that it was deficient, and the Court denied the Application. Filing 16 at 1–2. The Court also noted that timely service had not been obtained. Filing 16 at 2–3. Consequently, the Court ordered as follows:

> **Plaintiff must show good cause by written filing not later than 5:00 p.m. on January 2, 2024, why he has failed to make service on Defendants within the time provided by Federal Rule of Civil Procedure 4(m). If Plaintiff fails to respond to this order to show cause or fails to demonstrate good cause for failure to make timely service on Defendants, this case will be dismissed without prejudice.**

Filing 16 at 3 (emphasis in the original). Plaintiff's Motion to Show Cause, Filing 17, was filed before the deadline set by the Court.

1

In his Motion to Show Cause, Plaintiff asks the Court "to take notice that proper service was delivered to Defendants." Filing 17 at 1 (¶ 1). In support of that request, Plaintiff asserts that in another case he had filed, Case No. 8:22cv431, Assistant Attorney General Justin J. Hall and Attorney General Michael Hilgers appeared and stated, "All future pleadings and correspondence should be directed to Justin J. Hall at the address listed below." Filing 17 at 1 (¶ 2). Plaintiff then asserts that he sent the summons in this case to be delivered by certified mail to "Attorney General Michael Hilgers" at the office of the Attorney General, which Plaintiff claims was "per the Appearance of Counsel" filed in his other case. Filing 17 at 1 (¶ 3). Plaintiff asserts that Defendants acknowledged his complaint in his other case. Filing 17 at 1 (¶ 4). Plaintiff's Motion to Show Cause concludes as follows:

> 5. TAKE FURTHER NOTICE THAT:
>
> Plaintiff followed instruction[s] given by Defendants' counsel to address all future pleadings and correspondence directly to the information that was given on the "APPEARANCE OF COUNSEL" dated February 24, 2023, and not to Defendants individually.
>
> WHEREFORE plaintiff moves this court to approve Application for Entry of Default, Filing 14.

Filing 17 at 2 (¶ 5).

Plaintiff's Motion to Show Cause makes clear that he did not address the Complaint in this case as directed in the Appearance of Counsel in his other case. Instead, Plaintiff's Motion states that Plaintiff sent the Complaint in this case to Attorney General Michael Hilgers not to Justin J. Hall as directed. *Compare* Filing 17 at 1 (¶ 2), *with* Filing 17 at 1 (¶ 3). More importantly, even if Plaintiff had followed the request to direct filings a certain way in the other case, doing so would not have accomplished proper service in this case and would not have established good cause for failure to make timely service in this case.

2

Specifically, Plaintiff's erroneous attempt to serve process in this case pursuant to a request to direct pleadings and correspondence in a different case to a particular person does not demonstrate good cause for failure to serve Defendants in this case within the time provided by Federal Rule of Civil Procedure 4(m). To constitute "good cause" the excuse must at least be reasonable. It was not reasonable—even for a *pro se* litigant—to believe that a request to direct pleadings and correspondence in another case to a particular person would control how process must be served in a second lawsuit filed three months after the other case was dismissed. *See* Case No. 8:22cv431, ECF #7 (appearance), #11 (order dismissing case). Instead, as this Court explained in the Order to Show Cause, the methods for service of process on employees of the State of Nebraska sued in their official or individual capacities are set out in Nebraska statutes. Filing 16 at 2 (citing Neb. Rev. Stat. § 25-510.02, Neb. Rev. Stat. § 25-508.01, and Neb. Rev. Stat. § 25-511); *see also* Fed. R. Civ. P. 4(e) (providing for service on individuals by following state law).

The lack of good cause for failure to make proper and timely service is coupled in this case with Plaintiff's repeated failures to follow the Court's directions to seek entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) before filing a Motion for Default Judgment with the Court pursuant to Federal Rule of Civil Procedure 55(b). *See* Filing 8 (denying Plaintiff's first two Motions for Default Judgment and explaining the requirements of Rule 55); Filing 11 (denying Plaintiff's third Motion for Default Judgment and explaining the requirements of Rule 55); Filing 13 (denying Plaintiff's fourth Motion for Default Judgment and expressly directing Plaintiff to read and follow the Court's Orders and applicable Federal Rules of Civil Procedure). The Court is left with the firm and definite belief that Plaintiff has no desire to follow proper procedures to pursue his lawsuit.

As the Court explained in its Order to Show Cause, where a plaintiff has failed to make service on any Defendant within the time provided by Federal Rule of Civil Procedure 4(m), that Rule provides that the Court "on its own after notice to the plaintiff . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) provides further, "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Plaintiff has failed to show good cause for the failure to make timely service in this case, so the Court is not required to extend the time for Plaintiff to attempt to do so. *Id.* The Order to Show Cause put Plaintiff on notice that failure to demonstrate good cause for failure to make timely service on Defendants would result in dismissal without prejudice. Filing 16 at 3. Plaintiff's lack of good cause for failure to make timely service and his repeated failures to follow the Court's Orders and the Federal Rules of Civil Procedure convince the Court that the appropriate course in this case is to "dismiss the action without prejudice" against all defendants rather than to "order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Accordingly,

IT IS ORDERED that this action is dismissed without prejudice for failure to make service within the time provided by Federal Rule of Civil Procedure 4(m), for failure to follow Court Orders, for failure to follow applicable Federal Rules of Civil Procedure, and for failure to follow state statutes for service on State of Nebraska employees sued in their individual capacities.

Dated this 9th day of January, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

4